UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TARA DEROUEN, ) | |
| ) | CASE NO.: 2:23-cv-01876-DCN |
| Plaintiff, ) | |
| ) | Complaint |
| vs. ) | (Jury Trial Demanded) |
| ) | |
| NEWREZ, LLC and CALIBER HOME ) | |
| LOANS, INC. ) | |
| ) | |
| Defendants ) | |

## COMPLAINT

Tara Derouen ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendants Newrez, LLC ("Newrez") and Caliber Home Loans, Inc. ("Caliber")(collectively "Defendants") seeking to recover unpaid wages, overtime wages and statutory damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 207 (a)(1) et seq. ("FLSA") and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et seq.

## THE PARTIES

1. Plaintiff is an adult citizen and current resident of Oconee County, South Carolina. During all times relevant to the facts alleged in this Complaint, Plaintiff was

1

a resident of and performed work duties remotely from her home in Dorchester County, South Carolina.

2. Defendant Newrez, LLC is a limited liability company organized under the laws of the State of Delaware which focuses on mortgage lending. Its principal place of business is in Fort Washington, Pennsylvania. Newrez regularly does business throughout the State of South Carolina and maintains offices in Greenville, South Carolina.

3. Defendant Caliber Home Loans, Inc. is a corporation organized under the laws of the State of Delaware which focuses on mortgage lending. During all times relevant to this matter, Caliver maintained its principal place of business in Texas and regularly did business throughout the State of South Carolina.

4. Defendant Caliber hired Plaintiff in or around December of 2020 as a mortgage lender.

5. On or about August 2021, Newrez acquired Caliber and became Plaintiff's employer.

6. Plaintiff worked for Caliber and Newrez from December, 2020 to September 2, 2022. At all times relevant, Defendants were Plaintiff's employer for purposes of the FLSA.

7. During Plaintiff's employment with Defendants, Plaintiff was an employee who in any workweek was engaged in commerce or in the production of goods for commerce, within the meaning of section 7(a)(1) of the FLSA (29 U.S.C. §207(a)(1).)

8. At all times relevant, Defendants were Plaintiff's employer as defined by S.C. Code Ann. §41-10-10(1).

## JURISDICTION AND VENUE

9. This action is brought pursuant to the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1331 because this is a civil action arising under the laws of the United States.

10. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367 over Plaintiff's pendent state law claims, which are brought pursuant to the laws of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

11. Venue is appropriate within this District because Plaintiff resided in and performed work for Defendants in this District and Division and thus, the causes of action alleged to have occurred in this Complaint occurred in this District and in this Division.

## RELEVANT FACTS

12. Plaintiff was employed by Defendants from December 2020 through September 2, 2022. She worked for Defendants remotely from her home in Summerville, South Carolina as a Mortgage Lender.

13. Upon accepting the job, Plaintiff was promised a salary of $66,000 per year, and maintained an hourly wage of $33 per hour.

14. During her introductory period and training, Plaintiff occasionally worked over forty hours in a week and was paid overtime for that time worked.

15. In or about April 2021 and after her training was completed, however, Plaintiff was informed by Defendants that overtime was discouraged and before she could work overtime hours, she was required to obtain management approval and provide an explanation as to why overtime hours were necessary.

16. Plaintiff and her co-workers were also told by Defendants that working too many overtime hours and/or working overtime hours without authorization was considered misconduct and subject to disciplinary action up to and including termination.

17. When Plaintiff requested to work overtime hours due to a particular need, she was told that she could work additional hours that particular day, but to work fewer hours the next day to ensure she did not work more than forty hours in a week.

18. It was also continuously made clear that any such requests to work overtime would not be well-received and were discouraged.

19. While in Defendants' employ, Plaintiff typically and customarily worked over forty (40) hours per week to meet company demands and deadlines, and would work remotely from her home in Summerville, South Carolina both before and after normal working hours.

20. Plaintiff continuously and consistently worked "off the clock" after normal business hours to complete the overwhelming workload, including but not limited to projects involving meeting company closing dates and deadlines. The workload provided by Defendants was so overwhelming that it was unrealistic for Defendants to expect Plaintiff to complete her work under the restraint of a forty (40) hour workweek.

21. Plaintiff was warned about working after normal working hours on several occasions and on one occasion when she sent an email to an employee after normal working hours, Plaintiff was counseled that she would face termination if she continued to do it.

22. On another occasion when an overtime request made by Plaintiff was approved on one day, she was questioned the following day as to her reason for remaining "on the clock" and asked why Plaintiff did not clock out early to offset the previous day.

23. As a result and to avoid discipline and/or termination, Plaintiff and her co-workers were forced to work the overtime hours discreetly and did so by not sending emails through the Defendants' company email system, but instead sending and receiving text messages from personal cellular telephones and/or by calling each other.

24. When working overtime hours and rather than using the Defendants' email system after hours, which she had been warned about, Plaintiff used the Defendants' mortgage software, H2O, in which Plaintiff uploaded conditions and resubmissions to underwriting. Thus, through Plaintiff's consistent use of the H2O system after normal working hours, Defendants knew or should have known that Plaintiff was working those overtime hours.

25. Plaintiff, knowing that requests for overtime were strongly discouraged and that she was subject to discipline for working off the clock, continued to work for the Defendants during overtime hours so that she could successfully complete the requirements of her job with Defendants.

26. Plaintiff worked an average of at least twenty (20) hours of overtime each week she worked for Defendants from April 2021 through September 2022.

27. After all most two years with Defendants and thirty-five (35) years in the mortgage industry, Plaintiff resigned from her position from Defendants on September 2, 2022 due to stress involving the overwhelming workload and the amount of hours

she was working each week, as well as due to the scrutiny she received from Defendant's management team regarding her work hours.

28. Plaintiff has repeatedly demanded payment from Defendants for the hours of overtime she worked but has been repeatedly denied.

## FIRST CAUSE OF ACTION

### Violation of the Fair Labor Standards Act
### (Overtime)

29. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

30. Section 207(a)(1) of the FLSA provides that no employer shall employ any of its employees for a workweek longer than forty (40) hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than the higher of one-and-one half (1.5) times the regular rate at which she is employed or one-and-one half (1.5) times the Federal Minimum Wage.

31. At all times relevant, Plaintiff was an employee covered by the FLSA 29 U.S.C. § 207(a)(1).

32. At all times relevant, all Defendant was Plaintiff's employer under the FLSA.

33. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff at the overtime rate of one-and-one half (1.5) times the higher of Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

34. As set forth above, while in Defendant's employ, Plaintiff worked many hours each week in excess of forty (40).

35. Defendants knew or should have known that Plaintiff was regularly working more than forty (40) hours each week.

36. As set forth above, Defendant failed and refused to compensate Plaintiff properly, and as required by the FLSA, for all overtime hours worked each week in excess of forty (40).

37. Defendant's failure and refusal to pay Plaintiff as required by the FLSA for overtime hours worked each week was willful and intentional, and was not in good faith.

## SECOND CAUSE OF ACTION

### Violation of S.C. Code Ann. § 41-10-40

38. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

39. Pursuant to S.C. Code Ann. section 41-10-40(A), "every employer in the State shall pay all wages due in lawful United States money …"

40. Pursuant to S.C. Code Ann. Section 41-10-10(2), "Wages' means all amounts at which labor rendered is recompensed, whether the amount is fixed or

ascertained on a time, task, place, or commission basis, or other method of calculating the amount …"

41. As set forth above, Defendant has failed to pay Plaintiff wages rightfully owed to Plaintiff.

42. Pursuant to S.C. Code section 41-10-80(C), "In case of any failure to pay wages due to an employee as required by Section 41-10-40…the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow."

43. As a result of Defendant's failure to comply with section 41-10-40(A), Plaintiff is entitled to (1) all amounts due to her; (2) punitive damages up to three times the amount of unpaid commissions; and (3) attorney's fees.

WHEREFORE, Defendant is liable to Plaintiff for unpaid wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, treble damages, interest (both pre and post judgment), attorney's fees, the costs of this action, and any other and further relief as this Court deems appropriate.

                    BRETT M. EHMAN
                    Attorney at Law

May 4, 2023            /s/  Brett M. Ehman_____
                    Brett M. Ehman
                    Fed. Id. No. 12844

S.C. Bar No.:  102443
Attorney for Plaintiff
2971 West Montague Avenue
Suite 203
North Charleston, SC  29418
(843) 225-3607
brett@ehmanlaw.com